UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STRIBLING, | No. 2:17-cv-0253 AC P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| DAVID BAUGHMAN, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

By order filed February 15, 2017, this court directed petitioner to submit an application to proceed in forma pauperis or the $5.00 filing fee. <u>See</u> ECF No. 9. That order was served on petitioner's then current address of record, California State Prison Sacramento. Review of the Inmate Locator website operated by the California Department of Corrections and Rehabilitation[1] indicates that petitioner is now incarcerated at High Desert State Prison. Accordingly, the Clerk

---

[1] <u>See</u> <u>http://inmatelocator.cdcr.ca.gov/</u> (Inmate Locator website operated by the California Department of Corrections and Rehabilitation). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; <u>see</u> also <u>City of Sausalito v. O'Neill</u>, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

of Court will be directed to indicate on the docket petitioner's current address and to serve a copy of this order on petitioner at High Desert State Prison.

Notwithstanding the court's last order, review of the instant petition and petitioner's other filings in this court demonstrate that he is pursuing in this case a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner's first habeas petition was filed in this court in December 2012 and dismissed in 2013 because barred by the statute of limitations.  See Stribling v. Grounds, Case No. 2:12-cv-03084 MCE KJN P (E.D. Cal.).  Both that petition and the instant petition challenge petitioner's 2007 conviction.

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A second or successive application for habeas relief may not be filed in district court without prior authorization from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996).  Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).  The district court has discretion either to transfer a successive petition to the Court of Appeals or to dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139–140 (3rd Cir. 2002).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits . . ." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis deleted).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."  Id. at 530.  "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir.2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008)).

1    Petitioner is presently "contesting the same custody imposed by the same judgment of a
2 state court" that he challenged in Stribling v. Grounds, Case No. 2:12-cv-03084 MCE KJN P
3 (E.D. Cal.); therefore he is "required to receive authorization from the Court of Appeals before
4 filing his second challenge.  Because he did not do so, the District Court [is] without jurisdiction
5 to entertain it."  Burton, 549 U.S. at 153.
6    Accordingly, IT IS HEREBY ORDERED that:
7    1. The Clerk of Court is directed to indicate on the docket petitioner's current address of
8 record is High Desert State Prison; and
9    2. The Clerk of Court is directed to randomly assign a district judge to this action.
10    Further, IT IS HEREBY RECOMMENDED that:
11    1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without
12 prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals
13 authorizing petitioner to file a second or successive petition; and
14    2. The Clerk of Court be directed to close this case.
15    These findings and recommendations are submitted to the United States District Judge
16 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
17 after being served with these findings and recommendations, petitioner may file written
18 objections with the court.  Such document should be captioned "Objections to Magistrate Judge's
19 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).
22 DATED: March 31, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3